## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEVEN A. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )       No. 06-3079-CM |
| | ) |
| RAY ROBERTS, Warden, El Dorado | ) |
| Correctional Facility, and | ) |
| ATTORNEY GENERAL OF KANSAS, | ) |
| | ) |
| Defendants. | ) |
| | ) |

### MEMORANDUM AND ORDER

Petitioner Steven A. Harris, a prisoner at the El Dorado Correctional Facility in El Dorado, Kansas, filed a petition *pro se* for writ of habeas corpus (Doc. 1).  Petitioner was convicted in state court of attempted murder in the second degree; possession of marijuana with intent to sell within 1000 feet of a school zone; felon in possession of a firearm; possession of more than 28 grams of marijuana without tax stamps; and possession of drug paraphernalia.  He seeks a writ pursuant to 28 U.S.C. § 2254.  Specifically, petitioner requests federal relief on the following grounds: (1) ineffective assistance of counsel; (2) that his plea was not voluntary; (3) that he was mentally incompetent when his plea was entered; (4) that the state district court erred when it failed to allow him to withdraw his guilty plea; (5) that the state district court erred when it denied his counsel's motion to withdraw as his attorney; and (6) that the state district court erred by not examining his mental state at the time of the plea.  For the following reasons, the petition is denied.

## I.      Background

On December 2, 2000, Jeremy Ward was shot outside of a bar in Ottawa, Kansas.  Mr. Ward

identified petitioner as the shooter.  Other witnesses provided a description matching petitioner.  As a result of the investigation of the shooting, police discovered marijuana and drug paraphernalia in petitioner's home, which was located within 1,000 feet of two elementary schools.  Petitioner was on parole at the time.

On July 12, 2001, petitioner pleaded no contest.  Two months later, petitioner was sentenced to 134 months for the attempted murder charge, 49 months for the marijuana possession charge, 8 months for the felon in possession of a firearm charge, 6 months for the drug tax stamp charge, and 12 months for the possession of drug paraphernalia charge.  These sentences run concurrently.  During the sentencing hearing, petitioner moved to withdraw his plea, and his counsel moved to withdraw as attorney.  The state district court denied these motions.

## II.    Legal Standards and Analysis

Because petitioner filed his habeas petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, the court reviews petitioner's claims pursuant to the provisions of the Act.  *Wallace v. Ward*, 191 F.3d 1235, 1240 (10th Cir. 1999).  The Act permits a court to grant a writ only if one of two circumstances is present: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).  Absent clear and convincing evidence to the contrary, the court presumes that state court factual findings are correct.  *Id.* § 2254(e)(1).

Under the first alternative, the court will find that a state court decision is contrary to clearly established law "if the state court arrives at a conclusion opposite to that reached by [the Supreme

Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Under the second alternative, the court will find that a state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The key inquiry is whether the state court's application of the law was objectively unreasonable. *Id.* at 409; *see also Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (observing that the "objectively unreasonable" standard of review is more deferential than the "clear error" standard). But the petitioner need not show that "all reasonable jurists" would disagree with the decision of the state court. *Williams*, 529 U.S. at 409–10.

**A.     Ineffective Assistance of Counsel**

Petitioner claims that his counsel provided ineffective assistance in several ways. These include: (1) that his counsel failed to advise him of the elements of the charges and of the state's burden to prove the elements of each charge; (2) that his counsel failed to have his mental health evaluated for competency and sanity; (3) that his counsel failed to advise the court or prosecution of questions about petitioner's mental health; (4) that his counsel failed to determine if prescription medication impaired petitioner's judgment; (5) that his counsel failed to advise him of the option of having a bench trial; (6) that his counsel failed to advise him that "state law mandated consecutive sentences for [petitioner's] companion case; (7) that his counsel failed to advise him that his plea would affect the criminal history calculations in other sentencings; (8) that his counsel failed to advise him of the rules of evidence regarding prior bad acts or convictions; (9) that his counsel misled him "to believe conviction was a certainty"; (10) that his counsel pressured him to accept the plea "by asking petitioner to waive the right to question counsel's conduct in the event of an

unfavorable jury verdict"; (11) that his counsel failed to preserve issues for appeal; (12) that his counsel failed to impeach witnesses with inconsistent testimony; (13) that his counsel "neglected to devote effort to defending petitioner from most serious offense"; (14) that his counsel did not discuss the full consequences of the plea; (15) that his counsel did not investigate "leads to exonerate petitioner"; and (16) that his counsel failed to offer evidence to show a conflict of interest**.**

Respondents contend that petitioner has procedurally defaulted on at least some of these allegations.  Respondents acknowledge that petitioner raised thirteen allegations of ineffective assistance of counsel in his state post-conviction proceedings, but argue that petitioner did not raise: (5) that his counsel failed to advise him of the option of having a bench trial**;** (6) that his counsel failed to advise him that "state law mandated consecutive sentences for [petitioner's] companion case"; (7) that his counsel failed to advise him that his plea would affect the criminal history calculations in other sentencings; (11) that his counsel failed to preserve issues for appeal; and (12) that his counsel failed to impeach witnesses with inconsistent testimony.

The court has reviewed petitioner's state post-conviction filings.  In those proceedings, petitioner raised thirteen allegations of ineffective assistance.  The Kansas Court of Appeals characterized these as "merely general conclusions."  The court finds that petitioner's state post-conviction filings do not include allegations on grounds five, six, seven and eleven.[1]  Thus, petitioner has procedurally defaulted on these claims.  On procedurally defaulted claims, petitioner must show "cause and prejudice or a fundamental miscarriage of justice" before this federal court will consider the claims.  *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000).  Despite respondents raising procedural default in their response to the habeas petition, petitioner failed to

---

[1]  The court finds that petitioner's state post-conviction filings could be construed to include allegations that his counsel failed to impeach witnesses with inconsistent testimony.

offer any cause, prejudice, or reason why a fundamental miscarriage of justice would occur.  He did not file a reply brief at all.  Petitioner failed to show cause, prejudice, or any reason why a fundamental miscarriage of justice will occur if this court does not consider these claims, and he therefore is not entitled to relief on these claims.

Regarding the remainder of petitioner's claims that his counsel provided ineffective assistance, the court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test to prevail.  First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.  The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*  If a petitioner pleaded guilty, the test for the prejudice component becomes whether petitioner can demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *O'Neill v. Bruce*, No. 06-3062-JWL, 2006 WL 3087127, at *5 (D. Kan. Oct. 27, 2006) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *Gardner v. McKune*, No. 07-3110, 2007 WL 2204352, at *2 (10th Cir. Aug. 2, 2007) (applying the same standard in the context of a no contest plea).

[T]here is no reason for a court deciding an ineffective assistance claim to . . . address

both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed.

*Strickland*, 466 U.S. at 697.  It should also be reiterated that the overarching standard for granting habeas relief requires either that (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *id.* § 2254(d)(2).

Because the Kansas Court of Appeals addressed the merits of petitioner's arguments in its October 28, 2005 Memorandum Opinion, the court confines the review to whether the appellate court unreasonably applied *Strickland* or whether its factual determination was unreasonable in light of the evidence presented.  In that opinion, the Kansas Court of Appeals properly set forth the *Strickland* standard cited above, identified his allegations of ineffective assistance, and then discussed and quoted the statements of the court on direct appeal.  Specifically, the court quoted the statement "[d]efendant now insists that his attorney pressured him into taking the plea . . .  we are of the opinion that in all probability his attorney's advice was correct in predicting defendant's future." Lastly, the opinion stated, "[w]e also note that his allegation[s] are mere conclusions and not supported by any facts."

This is a reasonable application of the *Strickland* standard.  The court addressed whether absent petitioner's counsel's alleged errors, petitioner could show that he would have insisted on going to trial, noting "the record of the plea hearing shows [petitioner] was satisfied with the advice and counsel his attorney had given him concerning the plea . . . he was familiar with the criminal proceedings and clearly aware of the plea negotiations."  Moreover, the purely conclusory nature of

petitioner's allegations further supports the state court's ruling as reasonable.  Petitioner is not

entitled to relief on the remainder of his ineffective assistance of counsel claims.

**B.       Whether Petitioner's Plea was Voluntary**

Petitioner alleges that his history of mental illness and subsequent medication made his plea

involuntary and "not intelligently made due to lack of understanding and counsel's ineffectiveness."

Respondents acknowledge that petitioner argued before the state courts that he did not understand

the plea agreement, but assert that he procedurally defaulted on any claim that his plea was

involuntary.  After reviewing the record, the court finds that petitioner's state post-conviction filings

contain allegations that his counsel intimidated and coerced him into accepting the plea.  Thus, the

court will not consider this claim to be procedurally defaulted.

"Whether a guilty plea is knowing and voluntary is a question of federal law subject to de

novo review."  *Nelson v. McKinna*, No. 95-1190, 1995 WL 610891, at *1 (10th Cir. Oct. 18, 1995)

(citing *Marshall v. Lonberger*, 459 U.S. 422, 431 (1983).  However, under this standard, the state

court's factual determinations are presumed to be correct, and the court will defer to the state court's

assessments of witness credibility, if supported by the record.  *Id.* (citing *Marshall*, 459 U.S. at

431–34; 28 U.S.C. § 2254(d)).  If a petitioner had counsel during the plea process and entered the

plea on counsel's advice, "the voluntariness of the plea depends on whether counsel's advice was

'within the range of competence demanded of attorneys in criminal cases.'"  *Gardner v. McKune*,

No. 06-3149, 2007 WL 852645, at *4 (D. Kan. Mar. 21, 2007) (quoting *McMann v. Richardson*, 397

U.S. 759, 771 (1970); citing *Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985)).  Thus, for petitioner to

establish that his plea was not voluntary or intelligently made, petitioner must show "that the advice

he received from counsel was not within the standards set forth in *McMann*."  *Id.*  That is, petitioner

must show that the advice from counsel he received was not "within the range of competence

-7-

demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 770–71.

Having reviewed the Memorandum Opinion of the Kansas Court of Appeals, and the transcript of the plea hearing from July 12, 2001, the court finds that petitioner has not met his burden on this claim.  During the hearing, the court asked petitioner whether he entered his pleas freely and voluntarily; petitioner answered, "yes, Your Honor."  Plea Hr'g Tr. 5:13–14, July 12, 2001.  The court asked petitioner whether anybody threatened him into entering the pleas against his will; petitioner answered, "no."  *Id.* at 5:15–17.  The court asked petitioner whether he was satisfied with the advice that his counsel provided regarding the pleas; petitioner answered, "yes, Your Honor."  *Id.* at 5:18–20. The state courts agreed that "in all probability his attorney's advice was correct in predicting defendant's future."   Based on the factual findings of the state court and this court's own review of the record, the court finds the guilty plea was entered voluntarily.  Petitioner is not entitled to relief on this claim.

**C.     Whether Petitioner was Mentally Competent During Plea Hearing**

Petitioner alleges that he entered his plea while mentally incompetent.  In support of this, petitioner again cites a history of mental illness and subsequent medications.  Respondents argue that petitioner procedurally defaulted this claim.  In the petition, petitioner acknowledges that he did not raise this issue either on direct appeal or in post-conviction proceedings.  Petitioner's explanation of his previous failures to raise this issue focus on his "lack of mental competence" and claim that he "does not understand how to raise the issue properly."

In contrast to petitioner's assertions, the court notes that petitioner filed at least nineteen pages of handwritten allegations in his state post-conviction proceedings.  These pages discuss his history of mental illness and medications.  Although the filing addresses whether counsel coerced him into accepting the plea and whether counsel failed to tell the court of petitioner's mental history,

the filing does not allege that petitioner was mentally incompetent during the plea hearing. Petitioner has procedurally defaulted on this claim.  As before, petitioner must show "cause and prejudice or a fundamental miscarriage of justice" before this federal court will consider this procedurally defaulted claim.  *See Thomas*, 218 F.3d at 1221.  In light of the detail provided in his other filings, petitioner's lack of mental competence argument is insufficient to show cause. Furthermore, the previous discussion regarding petitioner's plea indicates that petitioner has failed to show why a fundamental miscarriage of justice will occur if this court does not consider this claim. Petitioner is not entitled to relief on this claim.

    Moreover, even if this court were to consider petitioner's claim as not being procedurally defaulted, he would remain not entitled to relief.  Although competence is a prerequisite for a valid plea, it is unnecessary for petitioner to have understood "every collateral consequence of the plea." Instead, petitioner must only have understood the direct consequences of his plea.  *Perkis v. Sirmons*, 201 F. App'x 648, 652 (10ᵗʰ Cir. 2006) (quoting *United States v. Hurlich*, 293 F.3d 1223, 1230 (10ᵗʰ Cir. 2002)).  As an indication of whether petitioner understood these direct consequences, the court may look at petitioner's statements during the plea hearing.  *See Jarrell v. Jordan*, 7 F. App'x 852, 854 (10ᵗʰ Cir. 2001) (citing *Lasiter v. Thomas*, 89 F.3d 699, 702 (10ᵗʰ Cir. 1996) for the statement "[s]olemn declarations in open court carry a strong presumption of verity" in the context of competence during a plea hearing).  As earlier discussed, the court that accepted petitioner's plea asked him several questions regarding his understanding of the plea and its consequences.  During that hearing, he did not indicate he was taking any medication or that he failed to understand the nature of the proceedings.  During a hearing regarding his motion to withdraw his plea, petitioner again testified.  On that occasion, petitioner listed the perceived-inaccurate advice of his counsel as the sole reason for why he should be permitted to withdraw the plea.  On cross examination, he was

asked if there were "any other reasons" for why his plea should be withdrawn; he answered, "[n]o, I guess not."

**D.      District Court's Refusal to Allow Petitioner to Withdraw Plea**

Petitioner argues that the state district court erred by refusing to allow him to withdraw his plea.  To support this argument, petitioner again cites the actions of his counsel and his history of taking medication.  Additionally, petitioner asserts that his plea was invalid because "there was not strong evidence of defendant's actual guilt."  Respondents contend that the district court did not err because petitioner made a knowing, intelligent, and voluntary plea.

As this district has stated in similar contexts, for petitioner to show a violation, he must show that "when the Kansas Court of Appeals held that he was not entitled to withdraw his plea, it acted contrary to, or unreasonably applied clearly established federal law as determined by the Supreme Court, or based its decision on an unreasonable determination of the facts."  *Gardner*, 2007 WL 852645, at *4.  The court has addressed previously whether petitioner's plea was voluntary and whether petitioner was mentally competent at the time of the plea.

During the hearing regarding petitioner's motion to withdraw his plea, the state district court noted that "the evidence is fairly clear from the State's Exhibits presented at this hearing that he did understand it, and from his testimony, that he did understand the nature of the negotiations."  Mtn. to Withdraw Plea Hr'g Tr. 27:3–6, Sept. 10, 2001.  Later in the same hearing, the court stated that it:

> would make a factual determination after a full hearing today, that there is not good
> cause to set aside the plea; would specifically find that the defendant was represented
> by competent counsel throughout the proceedings of this case . . . that the defendant
> was not misled or coerced, mistreated or unfairly taken advantage of by his attorney
> or by anyone else; and finally, that the plea was freely and voluntarily made.

Mtn. to Withdraw Plea Hr'g Tr. 28:10–16, Sept. 10, 2001.  The Kansas Court of Appeals reviewed this record and also noted that petitioner was familiar with criminal proceedings.  Comparing this

-10-

claim to an identical one that plaintiff raised in his direct appeal, the Kansas Court of Appeals referenced that opinion and highlighted that the present claim was factually unsupported.  Having reviewed the transcript, and the Kansas Court of Appeals Memorandum Opinion from petitioner's direct appeal, the court finds that petitioner has not shown that the denial of his motion to withdraw his plea involved an unreasonable application of federal law or an unreasonable determination of the facts.  Petitioner is not entitled to relief on this claim.

**E.**     **District Court's Refusal to Allow Petitioner's Counsel to Withdraw**

Petitioner next argues that the state district court erred by failing to allow petitioner's attorney to withdraw due to a conflict of interest.  In support of this, petitioner cites that his counsel told the court of a conflict of interest, that his attorney did not investigate petitioner's history of mental illness and usage of medication to ensure that petitioner understood the plea, and that his attorney misled, coerced and took advantage of petitioner.  Respondents contend that petitioner has failed to show any actual conflict that adversely affected his attorney's performance.

Whether to grant a motion to withdraw is committed to the district court's discretion.  *See Taylor v. Clarke,* No. 8:04CV161, 2007 WL 1290135, at *7 (D. Neb. Mar. 15, 2007) (citing *United States v. Grady*, 997 F.2d 421, 423–24 (8th Cir. 1993)).  Typically, a petitioner must show that there was a conflict of interest, an irreconcilable conflict, or a communication breakdown with his attorney.  *Id.* (citing *United States v. Klein*, 13 F.3d 1182, 1185 (8th Cir. 1994)).  As a result, petitioner must show that the state court unreasonably applied federal law or based its decision on an unreasonable determination of the facts when it denied petitioner's attorney's motion to withdraw.

Here, the record supports the state court's denial of petitioner's attorney's motion to withdraw.  The record shows that petitioner was familiar with the court system and the process of submitting a plea.  Moreover, during petitioner's plea hearing, petitioner stated that he was satisfied

-11-

with the advice and counsel that his attorney provided.  On direct appeal, the Kansas Court of

Appeals reiterated these facts and examined whether there was an irreconcilable conflict between

petitioner and his attorney, stated no evidence showed an actual conflict of interest, and agreed with

the district court's determination that "efficient administration of justice outweighed defendant's

right to counsel of his choice."  In his post-conviction proceedings, the Kansas Court of Appeals

quoted the opinion in the direct appeal on this claim, and again noted that his claim was factually

unsupported.  Any clear allegations or evidence of an actual conflict of interest, irreconcilable

conflict, or a communication breakdown remains absent in petitioner's present claim.  Thus,

petitioner has not shown any error in the determinations of the state courts.  Petitioner is not entitled

to relief on this claim.

**F.      District Court's Failure to Examine Mental Status of Petitioner during Plea Hearing**

Lastly, petitioner argues that the state district court erred by failing to examine his mental

health during the plea hearing.  In support of this, petitioner asserts that he has a history of taking

medication and faults his counsel for not filing a motion requesting a mental examination for

defendant.  Respondents contend that this claim is procedurally defaulted by petitioner's failure to

raise the claim previously.  However, respondents also contend that if the court considered the claim

on its merits, the claim would fail because the trial court had no reason to doubt petitioner's

competence.

After reviewing the record, the court again notes that petitioner's filings in his post-

conviction proceedings discuss a history of mental illness and medications, but do not allege that

petitioner was mentally incompetent during the plea hearing or that the court erred by failing to

examine his mental status.  Petitioner has procedurally defaulted on this claim.  Thus, for this court

to consider this claim, petitioner must once again show "cause and prejudice or a fundamental

miscarriage of justice." *See Thomas*, 218 F.3d at 1221.  Again, respondents' filings notified

petitioner that whether this claim would be considered procedurally defaulted was at issue, but

petitioner failed to offer any reply.  Petitioner has not provided any explanation of cause, prejudice,

or how a fundamental miscarriage of justice could occur.  Instead, petitioner concludes without

explanation that he has met his burden.  He is not entitled to relief on this claim.

      Even if the court were to consider this claim on its merits, he would remain not entitled to

relief on this claim.  There is no requirement for a trial judge to conduct extensive inquiry into a

defendant's competency before accepting a plea.  *Fisher v. Gibson*, 262 F.3d 1135, 1144 (10th Cir.

2001) ("We do not regard this as a necessary safeguard to ensure that a defendant is legally

competent.").  Courts have also identified a defendant's counsel as being in the best position to

determine whether the defendant's competency is questionable.  *Id.*  However, if evidence creating a

reasonable doubt about defendant's competence exists, then the court must resolve that doubt in a

hearing.  *Sena v. N.M. State Prison*, 109 F.3d 652, 655 (10th Cir. 1997).

      Although petitioner faults his attorney for not raising his competence as an issue before the

district court and contends that he was incompetent during the plea hearing, the court has already

addressed the merits of those claims.  Other than providing a history of his treatment for mental

illness under his claims that his plea was involuntary and incompetent, petitioner has not provided

any indication that the district court had evidence before it that would have cast doubt on his mental

health.  During the plea hearing, petitioner responded to the court's questions appropriately and

indicated that he understood the nature of the proceedings.  During the hearing on petitioner's

motion to withdraw the plea, the prosecutor asked petitioner if there were any reasons—other than

his attorney's asking him to sign a waiver and statements regarding his chances in front of a

jury—for why his plea should be withdrawn; petitioner answered, "No, I guess not."  Mtn. to

Withdraw Plea Hr'g Tr. 12:9–13, Sept. 10, 2001.   Even during a discussion of whether petitioner understood the plea negotiations, he never raised his mental health as an issue.   Without any evidence before the district court that would cause it to doubt petitioner's competence, the district court was not obligated to conduct any inquiry into his competence.   Without this obligation, the district court did not err by not conducting such inquiry.

For these reasons, petitioner is not entitled to habeas relief.

**IT IS THEREFORE ORDERED** that the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is denied.

Dated this 14th day of January 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**